E. GRADY JOLLY, Circuit Judge:
Eddie Lamont Lipscomb appeals his sentence enhancement under U.S.S.G. § 4B1.1, arguing that his instant conviction for possessing a firearm as a felon under 18 U.S.C. § 922(g) does not qualify as a crime of violence. Because Lipscomb pleaded guilty to a single-count indictment expressly charging him with possessing a sawed-off shotgun, a crime of violence, we affirm.
I.
Lipscomb pleaded guilty to a single-count indictment charging him with possessing a firearm as a felon, see 18 U.S.C. § 922(g), and charging him as an armed career criminal, see § 924(e). The indictment described the weapon as “a Harrington and Richardson, model 88, 20 gauge shotgun, ... as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a ‘sawed-off shotgun.”[1] Based on this plea of guilty to possessing a sawed-off shotgun as a felon and his prior offenses, his presentence report classified him as a career offender under § 4B1.1, subjecting him to an enhanced sentence totaling 292 to 365 months of imprisonment and three to five years of supervised release. Lipscomb objected. In addition to moving for a variance, Lipscomb argued that the § 4B1.1 career offender enhancement did not apply to him, because the instant offense was not a crime of violence. Specifically, he argued that the categorical method as set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and progeny prevented the sentencing court from considering how the defendant committed the crime. Although the gun was, as alleged in the indictment, a sawed-off shotgun, his conviction was not for a crime of violence, he argues, because § 922(g) has no element requiring proof of a specific type of gun. Furthermore, the district court improperly relied on testimony from a police officer who described the weapon as a sawed-off shotgun.
The district court concluded that the § 922(g) conviction was a crime of violence and that the career offender provisions of § 4B1.1 applied. The district court did, *477 however, grant a variance, sentencing Lipscomb to 240 months in prison and five years of supervised release. When asked by the government whether it would give the same sentence had § 4B1.1 not applied, the district court replied that it would want to reconsider its sentence if the enhancement did not apply. Lipscomb timely appealed.
II.
“Characterizing an offense as a crime of violence is a purely legal determination,” which we review de novo. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir.2008); United States v. Guevara, 408 F.3d 252, 261 n. 10 (5th Cir. 2005).
Turning to this case, the Sentencing Guidelines call for an enhanced sentence for defendants who, like the defendant here, (1) are at least eighteen years old at the time of the instant conviction, (2) are currently being sentenced for a crime of violence or a controlled substance offense, and (3) have at least two prior convictions for either crimes of violence or controlled substance offenses. U.S.S.G. § 4Bl.l(a). Lipscomb acknowledges that he meets criteria (1) and (3). The question in this case is whether Lipscomb’s instant conviction is a crime of violence.
For our purposes today, a crime is a crime of violence if it is an “offense under federal ... law, punishable by imprisonment for a term exceeding one year, that ... otherwise involves conduct that presents a serious potential risk of physical injury to another.” § 4B1.2(a)(2).[2] To determine whether a crime is a crime of violence, we consider only “conduct ‘set forth in the count of which the defendant was convicted,’ ” but may not consider any other evidence to determine the conduct underlying the instant offense. United States v. Fitzhugh, 954 F.2d 253, 254 (5th Cir.1992) (quoting U.S.S.G. § 4B1.2 Application Note 1). Therefore, the district court erred by considering testimony as to the weapon’s characteristics to be relevant, but the error was harmless. As noted above, Lipscomb’s single-count indictment, which the district court could consider, alleges that he possessed a sawed-off shotgun. The only remaining question is whether possessing such a weapon, “by its nature, presented a serious potential risk of physical injury.” United States v. Insaulgarat, 378 F.3d 456, 467 (5th Cir.2004). We think that the Sentencing Commission’s commentary to § 4B1.2 answers that for us. Stinson v. United States, 508 U.S. 36, 44-45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that commentary to the guidelines is “treated as an agency’s interpretation of its own legislative rule”).[3] “Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (ie., a sawed-off shotgun ...) is a crime of violence.” U.S.S.G. § 4B1.2 Application Note l.[4] Accordingly, as per the specific allega *478 tions of the indictment and his plea of guilty to those charges, Lipscomb’s § 922(g) conviction is for a crime of violence.
Lipscomb argues otherwise, asserting that applying the categorical analysis his conviction under § 922(g) only required that the government prove that he possessed a gun — nothing more. We reject Lipscomb’s argument that we must apply the categorical approach crafted by the Supreme Court in Taylor and its progeny.[5] Such a rule would require the sentencing court to use the indictment only to determine the statutory phrase that is the basis of conviction. Thus, he argues, his conviction is only for possessing a “firearm,” as the statute proscribes; his conviction is not for possessing a sawed-off shotgun, as the indictment’s language charges. This argument ignores the fact that Taylor and its progeny were decided under the Armed Career Criminal Act and did not involve the application of — or even mention — the specific Guidelines commentary at issue here. The commentary, which applies in this case, specifically treats unlawful possession of a firearm by a felon as a crime of violence when the weapon is a sawed-off shotgun. Id. Lipscomb’s proposed standard, if applied here, would render the commentary meaningless for § 922(g) offenses. We do not think the Sentencing Commission intended its commentary to have such an effect. Moreover, had the Sentencing Commission intended the sentencing court to be bound by the statute of conviction, its reference in Application Note 1 to the “conduct set forth (ie., expressly charged) in the count of which the defendant was convicted” would be superfluous. See id. (emphasis added). Thus, applying the commentary of § 4B1.2, as we must, we hold that this conviction, resulting from a plea to an indictment count that specifically charged *479 possession of a sawed-off shotgun as a felon, is for a crime of violence.
III.
To recap, we hold that for the purpose of § 4B1.2, a conviction is for a crime of violence when the defendant pleads guilty to an indictment count that alleges conduct that presents a serious potential risk of injury to another. Lipscomb, in pleading guilty to an indictment charging him with violating 18 U.S.C. § 922(g) by possessing a sawed-off shotgun — a crime of violence, according to the Guidelines commentary— did just that. The judgment of the district court is
AFFIRMED.

. The indictment read:
Felon in Possession of a Firearm (Violation of 18 U.S.C. § 922(g)(1) and 924(e)(1))
On or about March 20, 2007, in the Dallas Division of the Northern District of Texas, the defendant, Eddie Lamont Lipscomb, having being [sic] convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, to wit: a Harrington and Richardson, model 88, 20 gauge shotgun, bearing serial number BA490014, as modified having a barrel of less than 18 inches in length, and overall length of less than 26 inches, a weapon commonly known as a "sawed-off” shotgun.
In violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

.Section 4B 1.2(a) provides, in full:
The term “crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

. Neither party challenges the Sentencing Commission’s classification of the offense.

. Specifically, the weapon must be "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length,” which are the characteristics alleged in the indictment. 26 U.S.C. § 5845(a)(2).

. Today we are addressing a sentence under the Guidelines. We have, in some cases, used the Armed Career Criminal Act case law as a ''guide” to determine a crime of violence under § 4B1.2, but never in a situation when that case law appeared to be inconsistent with the Sentencing Commission's binding commentary. See, e.g., United Stales v. Mohr, 554 F.3d 604, 608-10 (5th Cir.2009) (using Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), to interpret the kinds of crimes that qualified under the "otherwise” clause). Our rule limiting district courts to the conduct charged in the indictment comes from the Sentencing Commission's commentary, not the Armed Career Criminal Act cases. Fitzhugh, 954 F.2d at 254.
Lipscomb also invokes Guevara, in which the court stated that the sentencing court could not consider "anything beyond what is present in the statute or alleged in the indictment, elements as to which, to convict, the jury must have found evidence beyond a reasonable doubt in any event” to find that the instant offense is a crime of violence under § 4B 1.2(a)(2). 408 F.3d at 262 (citing United States v. Calderon-Pena, 383 F.3d 254 (5th Cir.2004) (en banc) (per curiam)). That statement was merely dicta. The issue in Guevara was whether a pre-Boo/cer crime-of-violence determination under § 4B 1.2(a) violated the defendant's Sixth Amendment rights by allowing the judge, not the jury, to find facts that enhanced his sentence. It is true that the court said neither § 4B1.2(a)(l) or (2) would cause Sixth Amendment problems, but only its analysis of 4B 1.2(a)(1) was necessary to the holding. The court considered whether the crime was a crime of violence only under § 4B 1.2(a)(1), "expressing] no opinion whether it would qualify under § 4B 1.2(a)(2).” Id. at 259. Therefore, Gue-varas comment on § 4B 1.2(a)(2) was unnecessary to the case's disposition. Calderon-Pena, which Guevara cited, involved a different guideline, § 2L1.2, which considers only the elements of unenumerated offenses. It has neither a residual clause, which is at issue here, nor supplemental commentary. See U.S.S.G. § 2L1.2 Application Note 1. It is, therefore, not helpful in deciding the issue before us. Parenthetically, we also note that Guevara dealt with a conviction in which the jury was the fact finder, whereas here we are dealing with facts admitted through a plea of guilty.