**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2012

No. 11-40881

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MICHAEL GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
(11-CR-419)

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Michael Gonzalez ("Gonzalez") pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 115 months imprisonment, three years supervised release, and a $100 special assessment. Gonzalez appeals his sentence, arguing that he was erroneously assigned a Base Offense Level of 24 on the basis of having previously sustained two felony crime of violence convictions. The government concedes that Gonzalez's prior crime of retaliation under Texas law did not constitute a crime

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40881

of violence and that the error was not harmless. Accordingly, we REVERSE and REMAND for resentencing.

## I.

On March 31, 2011, Gonzalez was arrested in connection with a shooting that occurred in La Armada Housing Projects in Corpus Christi, Texas. Gonzalez pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") recommended that Gonzalez be assigned a Base Offense Level of 24 pursuant to U.S.S.G. § 2K2.1 because Gonzalez had previously sustained two felony convictions of crimes of violence. It determined that Gonzalez's 2002 Texas conviction of retaliation and his 2007 Texas conviction of aggravated assault each constituted a conviction of a crime of violence. The PSR also recommended a 4-level enhancement pursuant to § 2K2.1(b)(6) because a firearm was used in connection with another violent offense, and a 3-level reduction because Gonzalez accepted responsibility by admitting the elements of the offense and entering a guilty plea. The PSR determined that Gonzalez therefore had a total offense level of 25 and assigned him a criminal history category of VI. His Guidelines range for imprisonment was calculated at 110 to 120 months, with a statutory maximum of 10 years imprisonment.

Gonzalez objected to the PSR calculation of his base offense level, arguing that his conviction for retaliation was not a crime of violence. At the sentencing hearing, Gonzalez renewed his objection. The court denied Gonzalez's objection, adopted the PSR, and sentenced Gonzalez to 115 months imprisonment, followed by 3 years supervised release, and downwardly departed to a zero dollar fine and assigned a $100 special assessment. Gonzalez appealed, raising only one issue on appeal: whether retaliation under Texas law is a crime of violence for the purposes of U.S.S.G. § 2K2.1(a)(4).

No. 11-40881

Gonzalez's arrest and conviction for retaliation stemmed from an incident in which Gonzalez, driving his car, followed the vehicle of a juror who had served on the jury that convicted Gonzalez's family member of murder. Gonzalez followed the juror from the courthouse, up to the point at which the juror turned into a convenience store parking lot. Gonzalez was arrested and charged with retaliation. The indictment alleged that Gonzalez threatened harm to the juror by failing to maintain proper following distance between his motor vehicle and the juror's motor vehicle, in violation of Texas Transportation Code § 545.062(a), in retaliation for the juror's service or status as a public servant. *See* Tex. Penal Code. Ann. § 36.06(a). Gonzalez pleaded guilty to retaliation and was sentenced to 3 years imprisonment.

## II.

We review a district court's interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). We review the sentence for "reasonableness" under the abuse-of-discretion standard. *United States v. Gall*, 552 U.S. 38, 46 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). We apply the bifurcated review process established in *Gall* to determine whether the sentence is reasonable. First, we establish whether the district court committed "significant procedural error." *Gall*, 552 U.S. at 51. If the sentence was "procedurally sound," we then determine whether the sentence was substantively reasonable. *Id.* Reversal is not warranted if the error is harmless. A procedural error is harmless if "the error did not affect the district court's selection of the sentence imposed." *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

## III.

In relevant part, the Texas retaliation statute provides that "[a] person commits an offense if he intentionally or knowingly harms or threatens to harm

3

another by an unlawful act . . . in retaliation for or on account of the service or status of another as a . . . public servant." Tex. Penal Code. Ann. § 36.06(a). "Harm" is defined as "anything reasonably regarded as a loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." Tex. Penal Code Ann. § 1.07(a)(25).  The Texas statutory definition of retaliation is not enumerated in U.S.S.G. § 4B1.2 cmt. 1 and does not have "as an element the use, attempted use, or threatened use of physical force." *United States v. Montgomery*, 402 F.3d 482, 486 (5th Cir. 2005) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Thus, a retaliation offense under Texas law constitutes a crime of violence only if the record of it satisfies the residual clause of § 4B1.2 Application Note 1. In other words, "the conduct set forth (i.e., expressly charged) [must] . . . by its nature . . . present[] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 cmt. 1; *see also United States v. Lipscomb*, 619 F.3d 474, 477 (5th Cir. 2010). In the present case, the indictment alleged that Gonzalez threatened to harm a juror by an unlawful act—specifically, failing to maintain proper following distance between his car and the juror's car—in retaliation for the juror's service or status as a public servant.

The government concedes that the district court committed error in calculating Gonzalez's base offense level according to the court's erroneous conclusion that Gonzalez's retaliation conviction constituted a crime of violence. The burden is on the government, as the party seeking to uphold the sentence, to show that the error was harmless and need not be reversed. *Delgado-Martinez*, 564 F.3d at 753. The government conceded that it could not meet that burden and that the error affected the Guidelines calculations and the advisory range of imprisonment. Consequently, Gonzalez's prior conviction of retaliation does not qualify as a violent felony for the purposes of U.S.S.G. § 2K2.1.

**IV.**

No. 11-40881

For these reasons, the sentence is REVERSED and the case is REMANDED for resentencing.