EDITH H. JONES, Circuit Judge,
specially concurring,
joined by GARZA, Circuit Judge.
Although bound by precedent to concur in reversing Stoker’s sentence, I would have otherwise affirmed.
Lipscomb binds us in the straitjacket of the modified categorical approach and the “conduct charged in the indictment” when determining if Stoker’s retaliation offense of conviction was a crime of violence. This means the sentencing court must ignore the actual trial record and the facts and inferences drawn from the testimony to make that consequential enhancement. I do not believe the Supreme Court or the United States Sentencing Commission intended this counter-intuitive procedure. I write in hope that it may someday be reversed.[1]
As the Eighth Circuit recently noted, “It is rare that a dispute concerning the career offender enhancement revolves around the instant offense of conviction. This paradigm affects our analysis.” United States v. Williams, 690 F.3d 1056, 1069 (8th Cir.2012). Williams departed from the modified categorical approach and went on to “consider the readily available trial evidence” to assess whether the defendant’s conduct for which he had been convicted qualified as a crime of violence under § 4B1.2(a)(2). Id. Based on the record, the court’s affirmative conclusion was easily reached. Id. The Tenth Circuit has also evaluated the full trial court record in order to characterize the defendant’s offense of conviction properly under the crime of violence guidelines. United States v. Riggans, 254 F.3d 1200, 1203-04 (10th Cir.2001). But cf. United States v. Piccolo, 441 F.3d 1084, 1086-87 (9th Cir. 2006) (insisting on modified categorical approach for the instant offense of convic *652 tion). For several reasons, this court should adopt the whole-record approach.
The genesis of the modified categorical approach rests on interpretations of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), which dramatically enhances prison terms of felons who illegally possess firearms if they have three prior convictions for “violent felonies.” Taylor advanced two principal grounds for classifying “violent felonies” under the ACCA residual clause according to the generic elements of the prior offenses rather than offense-specific conduct. First, Congress intended that the enhanced federal penalties would be based on uniform, federal definitions of the prior convictions rather than on the numerous vagaries of state criminal statutes. Second, offense-specific inquiries about prior convictions would be impractical, complex, and potentially unfair. While the Supreme Court has never specifically dictated comparability between its ACCA enhancement cases and the Guidelines career offender enhancement (and indeed has never decided a Guidelines career offender case), lower courts have naturally treated the enhancements, at least for prior convictions, in pari materia because of their similar language.
Like must be treated alike under the rule of law, but courts must also recognize when the context and precise language of rules render cases dissimilar. The Sentencing Commission adopted the ACCA’s elements test and residual clause almost literally when it crafted the career offender enhancement. U.S.S.G. § 4B1.2. Still, several relevant distinctions from ACCA are evident in the language, application, and purpose of the Guidelines.
First, the Guidelines definition of a crime of violence (§ 4B1.2) clarifies an enhancement provision (§ 4B1.1) that describes a “career offender” in terms (here pertinent) of his “instant offense of conviction” and a minimum of two prior convictions, all of which must be felonies and crimes of violence or controlled substance offenses. ACCA, in contrast, inflicts a mandatory minimum sentence on a conviction for a federal firearms violation- — itself not necessarily a crime of violence — where the defendant has three prior felony convictions for “violent felonies.” AJI ACCA prior offenses are past offenses, while one of the § 4B1.1 offenses is always an instant offense of conviction.
Next, the Guidelines definition of a crime of violence tracks the language of ACCA in both the elements and residual clause, but the Guidelines depart from ACCA in the career offender (§ 4B1.1) usage. This is explained in the Commentary to § 4B1.2, Application Note 1, which expands the definition of “crimes of violence” to include as enumerated offenses murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. The residual clause is also expanded in this Application Note by identifying: “the conduct set forth (ie., expressly charged) in the count of which the defendant was convicted” as that which, “by its nature, presented a serious potential risk of physical injury to another.” Other specific situations in which a crime of violence is included or excluded from the Guidelines usage occupy the following eight paragraphs of this Commentary. Application Note 2 then states:
Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance [offense] for the purposes of § 4B1.1 (Career Offender), the *653 offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry. (Emphasis added).
Reinforcing these distinctions, the Guidelines separately define an “Armed Career Criminal” in § 4B1.4, a provision designed to embody the requirements of ACCA and apply the mandatory statutory minima in a structured manner. While this guideline does not superfluously duplicate ACCA’s statutory definition of “violent felonies,” the Commentary Application Note 1 to this provision warns that “the definitions of ‘violent felony’ and ‘serious drug offense’ in 18 U.S.C. § 924(e)(2) are not identical to the definitions of ‘crime of violence’ and ‘controlled substance offense’ used in § 4B1.1 (Career Offender)” (emphasis added).
These linguistic distinctions indicate to me that (a) the “instant offense of conviction” in § 4B1.1 does not fully track an ACCA “violent felony;” (b) a “crime of violence” in the § 4B1.2(b) residual clause is specifically concerned with the defendant’s “conduct set forth (i.e., expressly charged);” and (c) “the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of the inquiry.” This language may not require an offense specific inquiry in order to characterize offenses as crimes of violence, but unlike the Supreme Court’s interpretation of ACCA, it certainly does not preclude such inquiry where appropriate.
The career offender provision, along with its crime of violence definition, must also be fit within the general framework of the Guidelines — a framework much more flexible than that of ACCA. While ACCA is a single statute interpreted consistent with the intent of Congress, the Guidelines’ intent is to structure and inform criminal sentencing across the wide range of federal offenses. Effectuating this purpose, the Guidelines ordinarily allow the sentencing court to consider all factors bearing on the seriousness of the instant crime of conviction as well as the defendant’s criminal history. Strict rules do not govern the admissibility of evidence, United States v. Rodriguez, 897 F.2d 1324, 1328 (5th Cir.1990), the court makes determinations based on a preponderance standard, United States v. Thomas, 690 F.3d 358, 374 (5th Cir.2012), and the findings in the presentence report may be accepted by the court unless the defendant meets the burden of adducing contradictory evidence. United States v. Ayala, 47 F.3d 688, 690 (5th Cir.1995). Significantly, the Guidelines are no longer held to bind the discretion of sentencing courts. United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, 756-57, 160 L.Ed.2d 621 (2005). The overarching methodology of the Guidelines cannot, of course, trump their specific language, but here, where the language does not exclude considering the facts of the offense of conviction, the methodology behind guideline sentencing reinforces an offense-specific approach.
The contrast between the Guidelines and ACCA is accentuated because none of the principles behind Taylor’s adoption of the categorical approach applies in this context. First, because the language and context of ACCA’s residual clause are different from the Guidelines, despite their facially similar wording, the ACCA’s language and Congressional intent are insufficient as a guide. The concern in Taylor for uniform federal definitions in pursuit of uniform application of mandatory sentence enhancements is fundamentally different from achieving a defendant-specific sentence under 18 U.S.C. § 3553(a) within ranges of punishment. Taylor’s other concern, that offense-specific examination of prior convictions may involve mini-trials and is exceedingly complex and potentially unfair, cannot be lodged when the crime of *654 violence question arises from the “instant offense of conviction.” Relevant to this offense, the court has before it the entire record of the proceedings (whether of trial or guilty plea), has heard the evidence, and has the thorough report in the PSR concerning not only the instant offense but also the defendant’s background. There will be no factual uncertainty underlying the crime of violence determination.
Finally, to the extent that the categorical approach of Taylor and its progeny has proven far more difficult in application than the Supreme Court probably foresaw,[2] courts applying the Guidelines to the “instant offense of conviction” should not feel compelled to follow Taylor when that line of cases is not mandatory. The courts’ role differs between statutory interpretation under ACCA and sentencing “the instant offense of conviction” under the guidelines. ACCA’s interpretation revolves around the need to define federal crimes consistently. Determining whether an individual federal defendant is a “career offender,” however, ought to be heavily dependent on whether the “instant conviction” — the motivating force behind this enhancement — is a crime of violence. It is reasonable and in accord with the whole-offense approach of the Guidelines to make that determination based not on an abstract description of the “probabilistic” likelihood that serious physical injury will be inflicted by the statutorily defined offense,[3] but on the reality of the defendant’s instant crime.
For these reasons, I believe that the court should have been entitled to review the whole record in order to decide whether Stoker’s conviction for illegal retaliation, violative of 18 U.S.C. § 1513(e), was a crime of violence. As in the Williams case, this perspective yields a ready affirmative answer. The jury found that Stoker’s letter to Moore, sent one day after he was sentenced for the Dam Bar arson, had a singular purpose: to paralyze her with fear, a fear not unreasonable under the circumstances, that he would retaliate against her with arson as he did against the owner of the Dam Bar. Based solely on what she knew of Stoker, the threat posed a serious potential risk of physical injury to Moore. And this is true despite his being imprisoned for the time being.[4] Stoker’s illegal retaliation thus fell within the residual clause of § 4B1.2(b) as a crime of violence.

. I generally agree with Judge King's concurrence in United States v. Lipscomb, 619 F.3d 474, 479 (5th Cir.2010), which makes similar points.

.See Chambers, 555 U.S. at 126, 129 S.Ct. at 690 ("This categorical approach requires courts to choose the right category. And sometimes the choice is not obvious."); id. at 134, 129 S.Ct. at 695 (Alito, J., concurring in the judgment) ("At this point, the only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA's sentencing enhancement.... And that approach is the only way to right ACCA's ship.”).

. See James v. United States, 550 U.S. 192, 207-08, 127 S.Ct. 1586, 1597, 167 L.Ed.2d 532 (2007).

. Even attempts are treated as substantive crimes under the Sentencing Guidelines, see U.S.S.G. § 2X1.1, and are not excluded by the ACCA. James, 550 U.S. at 198, 127 S.Ct. at 1591.