# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40330

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON MARTIN ARAMBULA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Ramon Martin Arambula appeals the 120-month sentence imposed following his guilty plea conviction for possession with intent to distribute 28 grams or more of a mixture and substance containing cocaine base. He argues that his 1994 conviction for robbery, in violation of Texas Penal Code § 29.02, does not qualify as a crime of violence in light of the commentary to U.S.S.G. § 4B1.2(a), which defines the offenses that qualify as crimes of violence under U.S.S.G. § 4B1.1. The Government moves for summary affirmance on the ground that this court's decisions in cases construing crimes of violence under U.S.S.G. § 2L1.2 and 18 U.S.C. § 924(e) have held that a conviction under § 29.02 qualifies as generic robbery and also has as an element the use, attempted use, or threatened use of physical force. Alternatively, the

No. 19-40330

Government moves for a 30-day extension of time to file its brief. Arambula opposes the Government's motion for summary affirmance.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We have held that the commentary to § 4B1.2 must be construed in a manner so as not to be rendered superfluous. *See United States v. Lipscomb*, 619 F.3d 474, 477-78 (5th Cir. 2010); § 4B1.2 & comment. (n.2). However, the Government has not addressed whether the holdings in the cases upon which it relies are equally applicable to cases involving § 4B1.2(a), notwithstanding the commentary to that guideline, an issue on which we express no opinion. Accordingly, the Government has not satisfied the standard for summary affirmance, and IT IS ORDERED that its motion for summary affirmance is DENIED. The Government's motion for an extension of time to file its brief is GRANTED, and the clerk is directed to resume the briefing schedule.