# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2020

Lyle W. Cayce
Clerk

No. 19-10621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAVANNAH SIFUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-111-1

Before OWEN, Chief Judge, and SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Savannah Sifuentes, federal prisoner # 58092-177, pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced within the advisory guidelines range to 51 months of imprisonment and a three-year term of supervised release. She correctly concedes that the first issue she raises on appeal, that § 922(g)(1) exceeds

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10621

Congress's powers under the Commerce Clause, is foreclosed.  *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Sifuentes's second argument is that § 922(g) requires the Government to prove, as an element of the offense, that she knew of her prohibited status.  She unsuccessfully raised this argument in her motion to dismiss the indictment in the district court, but acknowledged it was foreclosed at that time.  *See United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988).  While Sifuentes's appeal was pending, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), that knowledge of prohibited status is an element of a § 922(g) offense.

With respect to Sifuentes's challenge to the factual basis and her guilty plea, we review for plain error.  *United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019).  Although Sifuentes contends that objecting to the factual basis would have been futile because she unsuccessfully raised the same issue in her motion to dismiss the indictment, she cites nothing in the record to indicate that further objection, although foreclosed under existing caselaw, would have been unwelcome or that the district court would not have entertained it.  *See United States v. Gerezano-Rosales*, 692 F.3d 393, 399 (5th Cir. 2012).  To establish plain error, Sifuentes must show a forfeited error that is clear and obvious and that affects her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citation omitted).

In light of the state court judgment reflecting Sifuentes's conviction for a state felony, which stated that she was sentenced to 10 years of imprisonment suspended for four years of community supervision and

admonished in accordance with state law, it is reasonably disputable that Sifuentes was aware of her prohibited status at the time she possessed the instant firearm and thus reasonably disputable that the district court did not err in accepting Sifuentes's guilty plea. *See Puckett*, 556 U.S. at 135; *see also United States v. Hicks*, 958 F.3d 339, 401 (5th Cir. 2020). Moreover, because Sifuentes does not concede that plain error is the applicable standard of review, she does not even attempt to make a showing as to the final two prongs of the plain error test. *See Puckett*, 556 U.S. at 135.

With respect to whether Sifuentes's guilty plea waived her argument that the indictment should have been dismissed for failure to allege knowledge of her prohibited status, we recently stated that a defendant "failed to preserve" his *Rehaif* challenge to the indictment by pleading guilty. *See United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020).

Finally, Sifuentes contends that the district court was required to utilize the categorical approach when analyzing whether her prior state conviction was a crime of violence (COV), and that it plainly erred by failing to conduct the divisibility analysis required under the categorical approach. In *United States v. Lipscomb*, 619 F.3d 474 (5th Cir. 2010), we considered whether the federal offense of possessing a firearm as a felon under § 922(g)(1) constituted a COV under the Guidelines where the indictment explicitly alleged that the defendant possessed a sawed-off shotgun, and rejected the defendant's claim that the categorical approach should apply. *See* 619 F.3d at 476-77. One panel of this court may not overrule another panel's decision without en banc reconsideration or a superseding contrary Supreme Court decision, *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002), and nothing Sifuentes cites rises to the level of a superseding contrary Supreme Court

No. 19-10621

decision.  Accordingly, the district court did not plainly err.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.