# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40330
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON MARTIN ARAMBULA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-728-6

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ramon Martin Arambula appeals his 120-month sentence for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He argues that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because the commentary to U.S.S.G. § 4B1.2, which defines terms for § 4B1.1, requires an offense-conduct specific analysis and that the documentation submitted for his 1994 Texas robbery conviction did not set forth his conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40330

Arambula did not raise his commentary-based challenge to the career offender enhancement in the district court.  Therefore, we review for plain error.  *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  To show plain error, Arambula must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although the district may engage in an offense-conduct based analysis of a defendant's conviction to determine if it qualifies as a crime of violence under § 4B1.1, in light of the commentary to § 4B1.2, it need not do so if the offense of conviction categorically qualifies as a crime of violence under an elements-based analysis.  *See United States v. Lipscomb*, 619 F.3d 474, 477-78 (5th Cir. 2010).  This court has held that Texas simple robbery, under Texas Penal Code § 29.02(1), qualifies as a crime of violence under the Armed Career Criminal Act, whether the robbery is committed by force or threat because it has as an element the use, attempted use, or threatened use of physical force. *United States v. Burris*, 920 F.3d 942, 958 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019), (No. 19-6186).

Because this court has routinely applied its holdings under the ACCA to analyze the definition of crimes of violence under § 4B1.2, *see United States v. Mohr*, 554 F.3d 604, 609 & n.4 (5th Cir. 2009), Arambula's 1994 robbery conviction qualifies as a crime of violence under *Burris*, 920 F.3d at 958, irrespective of how he committed the offense.  Thus, Arambula fails to establish that the district court plainly erred, *see Puckett*, 556 U.S. at 135, and the judgment of the district court is AFFIRMED.

2