# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 18-11168

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

EDDIE LAMONT LIPSCOMB,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-357-M

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before CLEMENT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

This case returns to us because the Supreme Court granted Mr. Lipscomb's petition for certiorari, vacated our earlier decision, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-11168

remanded the case for further consideration in view of its recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).

In 2007, Mr. Lipscomb pleaded guilty to a one-count federal indictment charging him with illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The district court sentenced him to twenty years in prison—a sentence that fell between the 15-year statutory minimum required by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and the 24-year bottom of the sentencing guidelines. A panel of this court affirmed in *United States v. Lipscomb*, 619 F.3d 474, 476 (5th Cir. 2010).

Mr. Lipscomb later requested release under 28 U.S.C. § 2255 in view of *Johnson v. United States*, in which the Supreme Court struck down the residual clause of the ACCA's "violent felony" definition as unconstitutionally vague and violative of due process. 576 U.S. 591, 597 (2015); *see* 18 U.S.C. § 924(e)(2)(B)(ii). The district court granted Mr. Lipscomb's motion for release, concluding that he did not have the requisite three violent felonies to qualify as an armed career criminal. 18 U.S.C. § 924(e)(1). We initially reversed, vacating the district court's order granting Mr. Lipscomb's motion for release and remanding to the district court with instructions to reinstate its original judgment.

The basis for our holding was our determination that Mr. Lipscomb had at least three prior convictions for violent felonies—two burglary convictions, and two robbery convictions—and thus qualified for a sentence enhancement under the ACCA.[1] At the time, our precedent compelled that

---

[1] As we noted in our previous order, Mr. Lipscomb's criminal record actually reflects four robbery convictions—one in 1994 and three in 2004. However, because the Government did not contend that the three 2004 robbery convictions were "committed on occasions different from one another" and because it did not change our analysis, we

No. 18-11168

result. *See, e.g.*, *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019) (holding that robbery under Texas Penal Code § 29.02(a), either by injury or threat, was a violent felony within the meaning of the ACCA); *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include "burglary").

But in July of 2021, the Supreme Court decided *Borden*, in which it held that offenses criminalizing a mens rea of "recklessness" do not satisfy the ACCA's elements clause and thus do not qualify as predicate "violent felonies" for purposes of the ACCA. 141 S. Ct. at 1825. So, the issue before us on remand is how the *Borden* decision affects Mr. Lipscomb's sentence. In light of our recent decision in *United States v. Garrett*, the answer is: not at all. *United States v. Garrett*, -- F. 4th --, 2022 WL 214472, at *1 (5th Cir. 2022).

Section 29.02(a) of the Texas Penal Code defines the offense of simple robbery as follows:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
> >
> > (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

In *Garrett*, we held that § 29.02(a) is divisible and creates two *distinct* crimes: robbery-by-injury, under § 29.02(a)(1); and robbery-by-threat, under § 29.02(a)(2). *Id.* at *3. This means that we apply the modified categorical approach to determine which offense is the crime of conviction. *Id.* at *4.

---

treated the three 2004 robbery convictions as one. *See* 18 U.S.C. § 924(e)(1). We continue to do so here.

No. 18-11168

Under the modified categorical approach, to determine the crime of conviction, we may refer to "a limited class of documents, such as a 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. Enrique-Ascencio*, 857 F.3d 668, 676 (5th Cir. 2017) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). "Proper documents are limited to 'conclusive records made or used in adjudicating guilt.'" *Id.* (quoting *Shepard*, 544 U.S. at 21).

Here, Mr. Lipscomb's conviction documents reflect that his 1994 robbery conviction was for "ROBBERY/TBI," which corresponds to "Threat of Bodily Injury." That is a § 29.02(a)(2) conviction. Because a defendant cannot violate § 29.02(a)(2) recklessly—rather, only intentionally or knowingly—a conviction under § 29.02(a)(2) qualifies as a predicate violent felony for purposes of an ACCA sentence enhancement.

Therefore, Mr. Lipscomb has three predicate violent felony convictions: two burglary convictions, and at least one qualifying robbery conviction. As such, he is an armed career criminal and eligible for a sentence enhancement under the ACCA.

\*       \*       \*

Accordingly, we AFFIRM our prior judgment. The district court's order granting Mr. Lipscomb's motion for release under 28 U.S.C. § 2255 is once again VACATED and REMANDED for the district court to reinstate its original judgment.