# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2025

Lyle W. Cayce
Clerk

No. 25-50402
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alejandro Gutierrez-Martinez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-220-1

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Luis Alejandro Gutierrez-Martinez pleaded guilty to illegal reentry and was sentenced to 12 months' imprisonment and one year of supervised release. On appeal, he raises two issues. First, he asks us to remand so the district court can correct a clerical error in its written judgment. Second, he challenges a supervised-release condition authorizing the probation officer to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

require him to notify others of any risk he may pose, arguing that it impermissibly delegates the court's sentencing authority.

The written judgment states that Gutierrez-Martinez pleaded guilty to Count 1 of the *information*. But the record is clear that he pleaded guilty to Count 1 of the *indictment*. (He was initially charged by information but later indicted. The information was subsequently dismissed on the Government's motion.) Both parties agree this is a clerical error correctable under Federal Rule of Criminal Procedure 36. We agree and will remand for that limited purpose.

That leaves Gutierrez-Martinez's challenge to the risk-notification condition. The Government seeks summary affirmance, contending that our decision in *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022) (per curiam), forecloses that argument. "Summary affirmance is appropriate if 'the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case.'" *United States v. Arambula*, 950 F.3d 909, 909 (5th Cir. 2020) (per curiam) (quoting *Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)). Because Gutierrez-Martinez forthrightly concedes that *Mejia-Banegas* forecloses his argument, summary affirmance is warranted.

\*     \*     \*

The Government's motion for summary affirmance is GRANTED. This case is REMANDED for the limited purpose of correcting the clerical error in the written judgment. *See* FED. R. CRIM. P. 36. In all other respects, the district court's judgment is AFFIRMED.